**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| LILLIAN BEEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 11-228 Erie |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

McLAUGHLIN, SEAN J., District Judge.

Plaintiff, Lillian Beeman, proceeding *pro se*, filed this action on October 4, 2011 against the United States of America ("Defendant") and John M. Kenney ("Kenney"), one of its Property Appraisal and Liquidation Specialists. Presently pending before the Court is the Defendant's Motion to Dismiss the Complaint pursuant to Rule 12(b)(1) [ECF No. 9].[1] For the reasons that follow, this action will be dismissed.

### I. BACKGROUND

On July 22, 2011, this Court authorized the United States to sell four real properties owned by Ebert Beeman in order to satisfy a $2.1 million tax liability. *See United States v. Beeman*, C.A. No. 1:10-cv-237 [ECF No. 49]. One of the four properties was known as 777 Old State Road, Waterford, Pennsylvania. *Id*. According to the allegations in the Complaint, Plaintiff claims that Kenney trespassed on the property located at 781 Old State Road, Waterford, Pennsylvania, in his efforts to sell the property of Ebert Beeman. *See* [ECF No. 2]. She does not seek any form of relief in her Complaint, but on the civil cover sheet she seeks $7 million based on an alleged trespass. *See* [ECF No. 1-2]. Defendant subsequently filed a Motion

---

[1] On May 25, 2012, the United States was substituted as the real party in interest since Defendant Kenney was operating within the scope of his federal employment. [ECF No. 8] and [ECF No. 11].

to Dismiss on May 24, 2012 [ECF No. 9] and Plaintiff filed a Response on January 14, 2013. *See* [ECF No. 13]. This matter is now ripe for disposition.

## II. STANDARD OF REVIEW

Defendant has moved for dismissal pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction. "At issue in a Rule 12(b)(1) motion is the court's 'very power to hear the case.'" *Petruska v. Gannon University*, 462 F.3d 294, 302 (3d Cir. 2006) (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). When jurisdiction is challenged under Rule 12(b)(1), the plaintiff bears the burden of proving that the court has jurisdiction. *See Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)). If the court concludes that it does not have subject matter jurisdiction over the case, it must dismiss the action. *Fed.R.Civ.P.* 12(h)(3). Finally, because Plaintiff is proceeding *pro se*, her Complaint must be "'liberally construed'" and "'held to less stringent standards than formal pleadings drafted by lawyers[.]'" *Brown v. City of Long Branch*, 380 Fed. Appx. 235, 238 (3d Cir. 2010) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

## III. DISCUSSION

Defendant moves for dismissal on the basis that Plaintiff has failed to establish that it has waived its sovereign immunity. *See* ECF No. 10] pp. 2-3. As this Court recently stated:

> … It is well-established that, as a sovereign entity, the United States government "is immune from suit save as it consents to be sued." *United States v. Sherwood*, 312 U.S. 584, 586 (1941). Thus, a court lacks subject matter jurisdiction over an action against the United States unless the United States has waived its sovereign immunity by way of a clear, express and unambiguous waiver. *United States v. Nordic Village*, 503 U.S. 30 (1992); *see also United States v. Mitchell*, 463 U.S. 206, 212 (1983) (noting that the United States' consent to be sued is a prerequisite for subject matter jurisdiction). The sovereign immunity doctrine applies equally to agencies of the United States government. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal government and its agencies from suit."). …
>
> It is a plaintiff's burden to establish that "an unequivocal waiver of sovereign immunity exists" by pointing to an act of Congress that specifically

2

> authorizes a court to entertain a specific claim against the Federal government. *Welch v. United States*, 409 F.3d 646 (4th Cir. 2005); *Alnor Check Cashing v. Katz*, 821 F.Supp. 307, 311 (E.D. Pa. 1993) ("Any party attempting to sue the United States bears the burden of proving that Congress has waived sovereign immunity.") (citing *Holloman v. Watt*, 708 F.2d 1399, 1401 (9th Cir. 1983)).

*Dickson v. U.S. Postal Service*, 2010 WL 4614561 at *2-3 (W.D.Pa. 2010); *see also United States v. Bein*, 214 F.3d 408, 412 (3d Cir. 2000) ("It is a fundamental principle of sovereign immunity that federal courts do not have jurisdiction over suits against the United States unless Congress, via a statute, expressly and unequivocally waives the United States' immunity to suit.").

The Federal Tort Claims Act ("FTCA") waives the United States' sovereign immunity with respect to claims based on "the negligent or wrongful act or omission" of a government employee, *see* 28 U.S.C. § 1346(b), which generally includes certain claims for trespass. *See e.g. Levin v. United States*, __ U.S. __, 133 S.Ct. 1224, 1228 n.1 (2013) (noting that the "intentional tort exception" did not remove from the FTCA's waiver "all intentional torts" including trespass); *Holmes Herefords, Inc. v. United States*, 753 F. Supp. 901, 912 (D.Wyo. 1990) ("The United States may be sued, pursuant to the FTCA, for trespass."). The United States has not, however, waived its sovereign immunity for "[a]ny claims arising out of the assessment or collection of any tax." 28 U.S.C. § 2680(c); *see also Lichtman v. United States*, 316 Fed. Appx. 116, 120 (3d Cir. 2008) ("The FTCA does not apply to any 'claim arising in respect of the assessment or collection of any tax.'") (quoting 28 U.S.C. § 2680(c)); *Minuti v. Internal Revenue Service*, 2012 WL 5177386 at *2 n.1 (3d Cir. 2012) ("the government has not waived its sovereign immunity for claims arising out of the assessment and collection of taxes"); *Barnard v. Pavlish*, 1998 WL 247768 at *6 (M.D.Pa. 1998) ("It is well established that the United States cannot be sued in tort for actions relating to the assessment and collection of taxes because it has not waived its sovereign immunity."), *aff'd*, 187 F.3d 625 (3d Cir. 1999).

The exemption set forth in 28 U.S.C. § 2680(c) encompasses the conduct of an IRS agent "even remotely related to his or her official duties." *Capozzoli v. Tracey*, 663 F.2d 654, 658 (5th Cir. 1981) (holding that a complaint alleging trespass and invasion of privacy by an IRS agent

who "prowled about" and took pictures of taxpayer in her nightgown was sufficiently related to the agents assessment of her taxes and thus barred by § 2680(c)); *Perkins v. United States*, 55 F.3d 910, 915 (4th Cir. 1995) ("In cases in which a specific tax debt of a specific taxpayer is at issue, the exemption immunizes the IRS from suit for activities that are even remotely related to the tax assessment or collection."). Moreover, the exemption applies "not only to actions by persons against whom the tax collection efforts are directed, but also to actions by third parties injured by tax collection efforts." *Perkins*, 55 F.3d at 913; *Murray v. United States*, 686 F.2d 1320, 1324 (8th Cir. 1982), (same), *cert. denied*, 459 U.S. 1147, 103 S.Ct. 788. 74 L.Ed.2d 994 (1983).

Here, Plaintiff's allegations that IRS agent Kenney trespassed on her property in his attempt to sell the property of Ebert Beeman relate entirely to his efforts in collecting the tax liability owed by Mr. Beeman. As such, Kenney's alleged conduct falls squarely within the purview of the exemption set forth in § 2680(c) and Plaintiff's action against the United States is barred. Acordingly, Plaintiff's Complaint will be dismissed for lack of subject matter jurisdiction.

Generally, "a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. County of Allegheny*, 515 F.3d 224, 237 (3d Cir. 2008). An amendment is futile if the amended complaint cannot withstand a renewed motion to dismiss. *See Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). "[T]hese principles apply equally to *pro se* plaintiffs and those represented by experienced counsel." *Alston v. Parker*, 363 F.3d 229, 236 (3d Cir. 2004). Due to the deficiencies identified above, any amendment would be futile and Plaintiff's Complaint for trespass will be dismissed with prejudice. *Alston,* 363 F.3d at 35-36; *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

### IV.   CONCLUSION

An appropriate Order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LILLIAN BEEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 11-228 Erie |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

AND NOW, this 28th day of March, 2012, IT IS HEREBY ORDERED that the Defendant's Motion to Dismiss the Amended Complaint pursuant to Rule 12(b)(1) [ECF No. 9] is GRANTED and Plaintiff's claims against Defendant are hereby DISMISSED with prejudice.

                  s/ Sean J. McLaughlin
                  United States District Judge

cm:   All parties of record